UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ERIC J. MAPES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:25-cv-403-PPS-JEM |
| | ) | |
| IBJ MEDIA HOLDINGS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Pro se plaintiff, Eric J. Mapes, filed a complaint and a petition for leave to proceed *in forma pauperis*. [DE 1; DE 2.] Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting

an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). The motion establishes that Mr. Mapes is unable to prepay the filing fee.

Under the second inquiry, a court must look to the sufficiency of the complaint to determine whether it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on a defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe*, 196 F.3d at 783.

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing Plaintiff's complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

2

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

It is difficult to discern from Mapes' complaint what actually happened and why he has a gripe with IBJ Media Holdings, LLC, a company he claims is "a private media entity headquartered in Indiana," and he alleges is subject to the Americans with Disabilities Act (ADA) Title III as a public accommodation. [DE 1 at 2.] Mapes seems to allege that IBJ has violated his constitutionally protected speech and retaliated against Plaintiff's ADA and constitutional advocacy, which he claims is "part of the broader institutional pattern outlined in *Mapes v. Indiana State of et al.,* Case No., 2:25-cv-378," also currently pending in the Northern District of Indiana. [*Id.* at 1.][1] But IBJ is not a party to that other case (nor is it mentioned at all in that complaint) and it is totally unclear how that case is related to this one, and supposedly creates some type of basis for this lawsuit. Although Mapes claims IBJ refused to engage in a good faith resolution of his ADA claims, and has refused to retract defamatory statements made about him, there is a complete lack of detail as to the basis for his ADA claims, how IBJ supposedly engaged in some type of intentional discrimination, how and when Mapes interacted with this company, and there is no basis whatsoever for a claim under the ADA.

In Count I, Plaintiff tries to base his claims on Title III of the ADA, dealing with places of public accommodation. Section 42 U.S.C. § 12182(a) provides: "[n]o individual

---

[1] Mapes also seeks to proceed IFP in that case. It awaits screening by the assigned judge, the Honorable Gretchen Lund.

3

shall be discriminated on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." But there are no allegations in support of the claim that IBJ is a place of public accommodation.

The ADA specifically includes an exhaustive list of private entities that qualify as public accommodations. *See* 42 U.S.C. § 12181. This list includes, *inter alia*: inns, hotels (and other places of lodging), restaurants and bars, theatres and stadiums, grocery stores and other shopping center stores, laundromats, beauty places like a barber shop and spas, hospitals and professional offices of a health care provider, terminals or stations used for public transportation, museums and galleries, libraries, parks, zoos, schools, day care centers, gymnasiums, bowling alleys, golf courses, and other places of exercise or recreation. 42 U.S.C. § 12181(7). It is unclear from the complaint what type of company IBJ is, but based upon the allegations before me, it does not fit into the ADA's definition of a covered public accommodation.

Count III is labeled "prior restraint and constructive suppression," and cites to the First Amendment, Indiana Constitution Article 1 § 9, and cases like *Near v. Minnesota*, 283 U.S. 697 (1931), *Brewington v. State*, 7 N.E.3d 946 (Ind. 2014), *Miranda v. Arizona*, 384 U.S. 436 (1966), *Simmons v. United States*, 390 U.S. 377 (1968), *Sherar v. Cullen*, 471 F.2d 946 (1973), *Miller v. United States*, 230 F.2d 486 (5th Cir. 1956), and *Davis v. Wechsler*, 263 U.S. 22, 24 (1923). [DE 1 at 5.] It is difficult to discern a connection

4

between these cases, although Mapes' parentheticals indicate he believes they stand for protected speech, constitutional rights cannot be criminalized, the denial of due process and constitutional rights, and no legislation may abrogate constitutional rights. *Id.* But in this case, Mapes has not set forth any facts in support of this count, or any cogent argument as to what type of claim he is actually trying to bring. IBJ is a private business (so he alleges), and Mapes does not allege they are a state actor, so it is difficult to see how there can be any Constitutional claim against it. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Speigel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citations omitted).

Count IV is for denial of access to public discourse and services and cites 28 C.F.R. § 35.130. [DE 1 at 5.] This suffers the same fate as the other ADA claim because Section 35.130 provides that a person should not be excluded from participating in the benefits or the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity. But, again, there are no allegations that IBJ is a public entity. So all of the federal claims fail to state claims.

That leaves us with Count II for defamation and false light, which is a state law claim. [DE 1 at 5.] "Federal courts are courts of limited jurisdiction." *Int'l Union of*

*Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).   Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).  There is no alleged diversity jurisdiction in this case, and Mapes only alleges federal question jurisdiction under 28 U.S.C. § 1331.  [DE 1 at 2.]  Dismissal under § 1915 is proper in a case like here, where the Court lacks subject-matter jurisdiction because the complaint does not raise a federal question and also does not plead the requisite allegations of diverse citizenship.  *See Sanders-Bey v. United States*, 267 F. App'x 464, 465 (7th Cir. 2008).  The lack of jurisdiction requires the dismissal of the case under §1915(e)(2)(B).

Nevertheless, in accordance with the Seventh Circuit's guidance in these matters, I will give Mapes the opportunity to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013).  If he chooses to file an amended complaint, Mapes should specifically (but plainly) indicate the basis for jurisdiction, and specifically articulate the alleged violations and his legal claims.

## Conclusion

For these reasons, the Court:

(1) **GRANTS** Mapes until **October 14, 2025**, to file an amended complaint; and

6

(2) **CAUTIONS** Mapes that, if he does not respond by that deadline, and file an amended complaint that addresses the concerns articulated in this order, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction.

SO ORDERED.

ENTERED: September 16, 2025.

                                            /s/   Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT